# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### Filed: February 4, 2016
### [Not to be published]

* * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| CHARLES THOMAS, *administrator of* | * | No. 14-715V |
| *the Estate of* CHERYLL THOMAS, | * | |
| *deceased,* | * | |
| Petitioner, | * | Special Master Gowen |
| v. | * | |
| | * | Dismissal; Influenza |
| SECRETARY OF HEALTH | * | (Flu) Vaccine; Chronic |
| AND HUMAN SERVICES, | * | Demyelinating Polyneuropathy |
| | * | (CIDP) |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

Lawrence R. Cohan and David J. Carney, Anapol Weiss, Philadelphia, PA, for petitioner.
Alexis B. Babcock, United States Department of Justice, Washington, DC, for respondent.

## DECISION DISMISSING PETITION[1]

On August 8, 2014, Charles Thomas ("petitioner") filed a petition as administrator of the Estate of Cheryll Thomas, deceased, for compensation under the National Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (2012) ("Vaccine Act"). Petitioner alleged that as a result of receiving an influenza ("flu") vaccination on September 21, 2012, Ms. Thomas suffered chronic inflammatory demyelinating polyneuropathy ("CIDP"). Petition at Preamble. On February 2, 2016, petitioner filed a motion for a Dismissal Decision.[2]

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] Petitioner's motion was filed in the case management/electronic case filing (CM/ECF) system as a "Motion to Voluntarily Dismiss pursuant to Rule 21(a)." A voluntary dismissal pursuant to Vaccine Rule 21(a) would not result in a judgment against petitioner, and would not preserve petitioner's right to file a civil suit. Based on the discussion during a February 2, 2016, status conference, it is clear that petitioner is requesting a Dismissal Decision, resulting in the entry of judgment, rather than Voluntary Dismissal. In addition, petitioner's motion itself is titled "Motion for a Dismissal Decision," and states that petitioner intends to protect his rights to file a civil action in the future. Pet. Motion at 1-2. As such, petitioner's February 2, 2016, motion will be treated as a motion for a dismissal decision.

1

To receive compensation under the Program, petitioner must prove either 1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to her vaccination, or 2) that she suffered an injury that was actually caused by a vaccine.  See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1).  An examination of the record did not uncover any evidence that the petitioner suffered a "Table Injury," nor does petitioner allege that she suffered a "Table Injury."  Further, the record does not contain persuasive evidence indicating that petitioner's alleged injury was caused by the influenza vaccine.

Under the Vaccine Act, a petitioner may not be awarded compensation based solely on the petitioner's claims.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 300aa-13(a)(1).  In this case, because the medical records are insufficient to establish entitlement to compensation, a medical opinion must be offered in support.  Petitioner, however, has offered no such opinion that supports a finding of entitlement.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that he suffered a "Table Injury" or that his injuries were caused-in-fact by a vaccination.  **Thus, this case is dismissed for insufficient proof.  In the absence of a motion for review, the Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

**s/ Thomas L. Gowen**
Thomas L. Gowen
Special Master

2