# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 14-715V
**Filed: February 12, 2016**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | | UNPUBLISHED |
| CHARLES THOMAS, *administrator of* * | | |
| *the Estate of* CHERYLL THOMAS, * | | |
| *deceased,* * | | |
|               Petitioner, * | | Special Master Gowen |
| v. * | | |
| * | | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH * | | |
| AND HUMAN SERVICES, * | | |
| * | | |
|               Respondent. * | | |
| * | | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |

<u>Lawrence R. Cohan</u> and <u>David J. Carney</u>, Anapol Weiss, Philadelphia, PA, for petitioner.
<u>Alexis B. Babcock</u>, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

      On August 8, 2014, Charles Thomas ("petitioner") filed a petition as administrator of the Estate of Cheryll Thomas, deceased, for compensation under the National Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (2012) ("Vaccine Act"). Petitioner alleged that as a result of receiving an influenza ("flu") vaccination on September 21, 2012, Ms. Thomas suffered chronic inflammatory demyelinating polyneuropathy ("CIDP"). Petition at Preamble. On February 4, 2016, the undersigned issued a dismissal decision on petitioner's motion. Judgment entered on February 5, 2016.

      On February 10, 2016, the parties filed a Stipulation of Fact concerning attorneys' fees and costs. Petitioner requests a total award of attorneys' fees and costs of $38,000.00. Stip. of Fact ¶ 5. Pursuant to General Order #9, petitioner's counsel also represents that petitioner did not incur any out-of-pocket litigation costs in this matter. Id. at ¶ 4. The parties' stipulation indicates that respondent does not object to the amended amount of $38,000.00 in attorneys' fees

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

and costs that petitioner is requesting.  Id. at ¶ 3.

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300 aa-15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** the request for approval and payment of attorneys' fees and costs.

Accordingly, an award should be made as follows:

> **(1) A lump sum of $38,000.00 in the form of a check payable jointly to petitioner and petitioner's counsel of record, Lawrence Cohan.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the cour**t SHALL ENTER JUDGMENT** in accordance herewith.[2]

**IT IS SO ORDERED.**

**s/ Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.